CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 13 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:06-CR-14 |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN ROBINSON, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Stephen Robinson, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 239. He asks the court to reduce his current sentence of 262 months to what he argues is his current guideline sentence of 120-150 months, which would result in a sentence of time served. The government asserts that Robinson is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. For the reasons set forth below, the court will **GRANT** Robinson's request in part and **MODIFY** his sentence to a total of time served, to be followed by a 4-year term of supervised release.

## BACKGROUND

On October 4, 2006, Robinson entered into a plea agreement in which he pleaded guilty to one count of conspiring to distribute 50 grams or more of cocaine base and 500 grams or more of powder cocaine in violation of 21 U.S.C. § 846. ECF No. 103. In exchange, the government agreed to dismiss the remaining counts and also agreed not to file a notice of

prior felony convictions under 21 U.S.C. § 851. ECF No. 103. On the same day, Robinson pled guilty in accordance with the plea agreement. ECF Nos. 97, 103, 104.

Robinson faced a statutory sentencing range of 10 years to life. 21 U.S.C. § 841(b)(1)(A) (2002); ECF No. 241. According to the Presentence Investigation Report ("PSR"), Robinson was responsible for 449 grams of cocaine base. Id. Under the sentencing guidelines, that drug quantity resulted in a base offense level of 34. He received a 3-point decrease for acceptance of responsibility for a subtotal offense level of 31. However, he was found to be a career offender, which resulted in a base offense level of 37, decreased by 3 points for acceptance of responsibility to 34. U.S.S.G. § 4B1.1(b)(A); ECF No. 241. With his total offense level of 34 and his criminal history of VI, his guideline range was 262 to 327 months. U.S.S.G. Ch. 5, Part A; ECF No. 241.

On January 16, 2007, Robinson was sentenced to 262 months to be followed by a 5-year term of supervised release. ECF No. 120. He has served approximately 163 months. Robinson also is subject to a consecutive 262-month sentence imposed by the United States District Court for the Northern District of West Virginia for conspiracy to distribute less than 5 grams of cocaine base. See United States v. Robinson, 3:08-CR-42 (N.D.W.V. 2009). Taking both sentences into account, his projected release date is April 28, 2044. ECF No. 244.

Robinson seeks relief under the First Step Act. He argues that he is eligible for relief and that this court has discretion to reduce his sentence to a sentence that will result in his release to begin serving his sentence out of the West Virginia court. In addition, Robinson argues that under current caselaw, he would no longer be considered a career offender and

2

that he should not be considered a career offender when his sentence is analyzed under the First Step Act.

The government counters that because the offense involved a drug quantity over the revised threshold, Robinson is not eligible for relief under the First Step Act. The government also argues that if the court finds that Robinson is entitled to a reduced sentence, any sentence below the revised guideline range for a career offender of 188 to 235 months and a 4-year period of supervised release is not warranted. Finally, the government asserts that under the First Step Act a court should not reexamine any guidelines issue determined at sentencing other than those directly impacted by the First Step Act.

## ANALYSIS

### I. First Step Act

At the time Robinson was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger

3

the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The government argues that even though Robinson committed his offense before August 3, 2010, and even though his offenses carry the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, that he does not qualify for a sentence reduction. The government argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that Robinson's drug quantity in the PSR makes him ineligible. In the alternative, the government contends that even if Robinson is eligible for a modification of his sentence, he still is a career offender with a guidelines range of 188-235 months and that a variance below that range is not warranted.

## II. Drug Weight

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the

PSR, rather than the amount for which he was indicted and convicted. Because Robinson was found responsible for 449 grams of cocaine base in the PSR, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act.

Robinson responds that it is the drug weight charged in the indictment and not the drug weight in the PSR that determines eligibility for First Step Act relief. In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), the Supreme Court established that the drug weight is an element of the offense and any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt. Under those two cases, if Robinson were sentenced today, his sentence would be based on distributing 50 grams or more of cocaine base, and not 449 grams of cocaine base.

In <u>Apprendi</u>, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In <u>Alleyne</u>, the Court applied <u>Apprendi</u> to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. <u>Id.</u> at 116 (overruling <u>Harris v. United States</u>, 536 U.S. 545 (2002)).

Although neither Apprendi nor Alleyne are retroactively applicable on collateral review,[1] many courts, including this one, have held that the decisions must be considered when a court examines a sentence under the First Step Act. See United States v. Opher, Crim. No. 00-323-09, 2019 WL 3297201 at 814 (D.N.J. July 23, 2019) (noting that courts have consistently rejected the notion that Congress legislates without regard to constitutional norms); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-18-3, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); United States v. Stanback, 377 F.Supp.3d 618, 623 (W.D. Va. May 2, 2019) (joining other courts in finding that Apprendi and Alleyne are applicable in the context of the First Step Act); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

---

[1] See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on collateral review); and United States v. Stewart, 540 Fed.Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review).

Alleyne made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury or pleaded to by the defendant. Alleyne, 570 U.S. at 116. The court in Robinson's case found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, which is the amount to which he pleaded guilty. ECF No. 116. Under Alleyne, this court is not free to ignore that finding and impose a penalty based on 889 grams of cocaine base referenced in the PSR. Thus, this court finds that the appropriate drug quantity to be considered under the First Step Act is 50 grams of cocaine base.

### III. Discretion of the Court

The government argues that if the court finds Robinson eligible for consideration under the First Step Act, it should exercise its discretion to deny him relief in light of the drug weight. It claims that if Robinson had been prosecuted after passage of the Fair Sentencing Act, he would have been subject to prosecution for possession of at least 280 grams of cocaine base, making him eligible for the 10-years-to-life sentencing range found in 21 U.S.C. § 841(b)(1)(A).

Nearly all other district courts, including this one, have rejected the notion that a court should engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." Dodd, 2019 WL 1529516 at *2. See also United States v. Thompson, No. 1:05-CR-4040403, 2019 WL 4040403 at *7 (W.D. Pa. August 27, 2019) ("Engaging in a hypothetical assessment of how a defendant might have been charged and

7

how a finding of guilt would have come about is fraught with conjecture and reflects an approach that is contrary to the sound administration of justice."); United States v. Paulino, No. 03-CR-0274, 2019 WL 2437214 at *5 (D.N.M. June 11, 2019) (finding court should not speculate about what the prosecutor could have charged or the offense to which a defendant could have pleaded if the Fair Sentencing Act had been in place when he committed the offense); Stanback, 377 F.Supp.3d at 624 (declining to speculate on how defendant would have been charged and whether he would have been convicted if the Fair Sentencing Act had been in effect at time he was convicted); United States v. Pierre, 372 F.Supp.3d 17 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act, court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme); but see United States v. Haynes, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019) appeal docketed, No. 19-1701 (8th Cir. Apr. 4, 2019) (denying relief under the First Step Act after finding that if the statute had been in effect at the time defendant was indicted, he would have been charged with amount of drugs for which the PSR said he was responsible).

While it is possible that the government would have proceeded against Robinson under 18 U.S.C. § 841(b)(1)(A), it also is possible that it would have chosen not to do so. The government could have determined that the evidence was insufficient to prove the quantity of cocaine base beyond a reasonable doubt, or if Robinson were indicted on that amount, the

parties might have entered into a plea agreement where Robinson pleaded to less than 280 grams of cocaine base. The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Robinson's eligibility for a sentence reduction. Thus, this court declines to assume that Robinson would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The government further argues that a reduction in Robinson's sentence would constitute an unjustified windfall to him based upon the date of his prosecution and offends the need to avoid unwarranted sentence disparities among similarly situated offenders. This argument is based on the fact that in cases brought after the passage of the Fair Sentencing Act but prior to <u>Alleyne</u>, juries were asked to make quantity determinations based on that act's new thresholds for purposes of establishing applicable statutory maximums, and courts could and did impose higher statutory minimums based on their own conclusions regarding drug quantity.

The government appears to be arguing that this court should ignore both the plain language of the First Step Act regarding who is eligible for a sentence reduction as well as the holding in <u>Alleyne</u>, because other defendants sentenced within that three-year window may have been subject to longer statutory minimum sentences. While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent. As discussed above, this court finds that the First Step Act applies to Robinson and finds that it is compelled by <u>Alleyne</u> to look only at the quantity of drugs for

which Robinson was indicted and found guilty when determining whether he is entitled to a sentence reduction. Accordingly, this court will not refrain from modifying Robinson's sentence under the First Step Act because other defendants may have been sentenced differently.

## IV. Applying the First Step Act to Robinson

### A. Career Offender Designation

Robinson argues that the law has changed since he was convicted and that if he were sentenced today, his prior convictions would no longer serve to make him a career offender. The guidelines classify a career offender as (1) a defendant who was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The term "controlled substance offense" is defined as follows:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Robinson's instant offense of conviction is conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The Commentary to U.S.S.G. §4B1.2 at n. 1 states that for purposes of the guideline, "'Crime of violence' and 'controlled

substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Thus, under the commentary, Robinson's offense of conspiracy to possess with the intent to distribute was rightfully considered a controlled substance offense.

Robinson cites United States v. Norman, 935 F.3d 232 (4th Cir. Aug. 15, 2019), which he argues rejected the notion that conspiracy to commit a drug felony is a controlled substance offense for purposes of finding a defendant to be a career offender. In Norman, the defendant was convicted of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). When calculating the defendant's base offense level, the PSR included a six-level enhancement under U.S.S.G. § 2K2.1(a)(4)(A) on the basis of a prior conviction for conspiracy to possess with intent to distribute cocaine and cocaine base under 21 U.S.C. § 846. Id. at 235. On appeal, the defendant challenged the guidelines enhancement and the Fourth Circuit applied the categorical approach to determine whether the defendant's previous conspiracy conviction qualified as a predicate offense for purposes of establishing that he had a prior "controlled substance offense." Norman, 935 F.3d at 237.

The court first found that an overt act was a required element of generic conspiracy. Id. (citing United States v. McCollum, 885 F.3d 300, 338 (4th Cir. 2018)). The court then noted that it is undisputed that "conspiracy" under § 846 does not require an overt act. Id. at 237-238. Therefore, the court concluded that conspiracy under § 846 criminalizes a broader range of conduct than that covered by generic conspiracy and cannot serve as a predicate offense. "We therefore hold that a 'conspiracy' conviction under § 846 is a categorical mismatch to the generic crime of conspiracy enumerated in § 4B1.2(b)." Id. at 239. Nevertheless, the court

11

concluded that the district court's error was not plain error, because prior to McCollum, it was not clear that "conspiracy" under § 846 criminalized so broad a range of conduct as to not be covered by generic conspiracy. Norman, 935 F.3d at 241-242.

Even though it appears that if Robinson were sentenced today he would not be found to be a career offender, at the time he was sentenced his classification as a career offender was consistent with the law. Robinson argues that any modification of his sentence under the First Step Act should include a finding under Norman that he is not a career offender. However, this court does not find that the First Step Act grants it authority to make such a finding. Rather, this court joins United States v. Hegwood, 934 F.3d 414 (5th Cir. 2019), and other courts which have held that the First Step Act does not authorize courts to modify sentences based on changes in case law that have occurred since the defendant was sentenced originally.

In Hegwood, as in the instant case, if new case law had been applied to the defendant's previous conviction, he no longer would have been considered a career offender. Id. at 416. However, the Fifth Circuit Court of Appeals held that when a court determines that a defendant was convicted of an offense covered by the First Step Act and thus is eligible for consideration of a sentence modification, the court should consider only the changes mandated by the Fair Sentencing Act and not other changes that have been made since the defendant was convicted. Id. at 418.

> It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense. That is the only explicit basis stated for a change in the sentencing. In statutory construction, the expression of one thing generally excludes another.

12

TRW Inc. v. Andrews, 534 U.S. 19, 28-29, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 — saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed" — supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

> These limits make the First Step Act similar to Section 3582(c), which opens the door only slightly for modification of previously imposed sentences for certain specified reasons, including the lowering by the Sentencing Commission of the sentencing range that was in effect for the defendant at the time of initial sentencing. 18 U.S.C. § 3582(c)(2). The Supreme Court held that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

Hegwood, 934 F.3d at 418. See also United States v. Drake, No. 1:07-CR-53-1, 2019 WL 5213923 at *4 (N.D. W.Va. October 16, 2019) (concluding that a motion for a sentence reduction under the First Step Act "is not the proper vehicle to challenge a previously-applied and subsequently-invalidated career offender enhancement."); United States v. Anderson, Cr. No. 0:04-353, 2019 WL 4440088, *4 n. 3 (D.S.C. Sept. 17, 2019) ("[T]he court has determined that a plenary resentencing is not required by the First Step Act."); and Davis, 2019 WL 1054554 at *2 (finding First Step Act does not expressly permit plenary resentencing).

This court finds the reasoning in Hegwood and the other cases cited to be persuasive. Accordingly, although Robinson is eligible for a sentence reduction under the First Step Act, he is not entitled to modification of his status as a career offender. At the time he was sentenced, conspiracy to possess with the intent to distribute drugs

13

was considered a controlled substance offense and the court finds that the change in the definition under Norman cannot be considered under the First Step Act.

**B. Modification**

The court finds that it has authority under 18 U.S.C. § 3582(c)(1)(B)[2] to modify Robinson's sentence, taking into account the advisory nature of the guidelines, the considerations set forth in 18 U.S.C. § 3553(a), and Robinson's post-conviction activities. Under the First Step Act, Robinson's statutory sentencing range based on 50 grams of cocaine base is 5 to 40 years, to be followed by a 4-year term of supervised release. 21 U.S.C. § 841(b)(1)(B). As a career offender, his base offense level becomes 34, reduced by 3 levels to 31 for acceptance of responsibility. U.S.S.G. § 4B1.1(b). With his criminal history category of VI, his guidelines range is 188-235 months. The government suggests that if this court finds Robinson eligible for consideration of a sentence modification, that the sentence should fall within the 188-235 month range.

According to the PSR, Robinson fled a physically abusive home at the age of 15 and began to earn money as a lookout for drug dealers. He has a long history of arrests and convictions for drug offenses and possession-of-a-firearm offenses. The only indication in the PSR that Robinson engaged in violence is two arrests for battery when he was 18 and 19 years old, both of which were "nolle prossed." Robinson currently is 49 years old.

---

[2] "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B).

14

Since being incarcerated, Robinson has completed a number of classes. In February 2013 Robinson's case manager at United States Penitentiary-Hazelton recommended that Robinson be transferred to a lesser security institution and that his public safety factors of sentence length and greatest security be waived. The recommendation was made because Robinson had consistently met his unit team recommended goals during his regularly scheduled program reviews. In addition, Robinson and another inmate had assisted a staff member who was having a seizure. Robinson made sure the staff member was safe and remained with him until staff arrived. ECF No. 252-1.

The court has reviewed Robinson's PSR, the addendum to the PSR, the evidence submitted by him, and the arguments of the parties. The court also has considered the fact that upon release from this sentence, Robinson is subject to the 262-month sentence imposed by the West Virginia District Court.[3] In addition, although the court declines to modify the career offender designation, it notes that if Robinson were sentenced today, he would not be considered a career offender and his drug offense guideline would be 120-150 months.

For all of these reasons, the court finds that although Robinson's current sentencing range is 188-235 months, a sentence below the guidelines range is warranted. Accordingly, the court modifies Robinson's sentence to time served. The court finds that a sentence of time served is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the

---

[3] According to Robinson, his sentence in the West Virginia District Court does not appear amenable to reduction under the First Step Act because the jury found his drug weight was less than 5 grams and he was sentenced under 21 U.S.C. § 841(b)(1)(C), without a mandatory minimum that changed under the Fair Sentencing Act.

15

public, and respect for the law. Further, this sentence expressly takes into account First Step Act sentences for other defendants in this drug conspiracy case in an effort to avoid unwarranted sentence disparities. Accordingly, the court **GRANTS** Robinson's motion under the First Step Act, ECF No. 239, and reduces his sentence to time served, to be followed by a 4-year term of supervised release.

An appropriate Order and amended judgment will be entered.

It is so **ORDERED**.

Entered: 11-13-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge